A. J. STRICKLER, ET AL., *v.* WILLIAM MCBURNETT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—424.]

**Wills—Probate of Wills.**

Where an alleged will is written upon various sheets of paper, and its probate is contested, the court cannot divide the findings by establishing a part of the will at one time and a part at another time. If certain designated sheets of paper form any part of the will, a verdict is erroneous which finds that certain sheets contain the will, and no finding is made as to the remaining sheets, but since the motion for a new trial was not made in time to permit the Court of Appeals to pass upon such question, the will must stand and the testator be regarded as having died intestate as to that part of the estate not devised in that part of the will established by the verdict and judgment.

**Time for Filing Motion for New Trial.**

A motion for a new trial must be made at the term in which the verdict or decision is rendered, and within three days after the verdict or decision, except for the cause mentioned in Subsec. 7, Sec. 340, unless unavoidably prevented.

APPEAL FROM HARDIN CIRCUIT COURT.

November 27, 1880.

Opinion by Judge Pryor:

If the testator had a disposing mind the draftsman of the paper purporting to be his last will and testament seems to have had but little conception as to either the form or substance of such an instrument, but as the court below, by its judgment, has determined what parts of the several sheets of paper constitute the will of the testator, and that judgment is beyond the supervisory power of this court, as the record is presented, it is necessary to pass upon the question as to whether or not such detached parcels of paper could be admitted to probate under any circumstances.

The court told the jury to find that pages 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 formed no part of the will of the testator, but they might pass upon the residue of this remarkable paper and determine whether or not it was the last will of the testator, George W. Strickler, under the instructions given. The jury returned a verdict finding that so much of the paper beginning with the words "I do will and bequeath to my grandchildren, George Arnold," etc., and including the codicil, is the last will and testament of George W. Strickler, deceased. On this finding there was no motion for a new trial until the fifth day after the verdict had been returned into court, and therefore this court is powerless to disturb it.

If we can remand the case to have a verdict as to the sheets of paper rejected, and there is a finding in favor of the probate in the county court, then we have two wills for George W. Strickler instead of one. You cannot divide the findings by establishing a part of the will at one time and part at another. If the sheets of paper from 1 to 12 form any part of the will of Strickler then the verdict in this case is erroneous, and as this court cannot determine that question the verdict must stand, and the testator be regarded as having died intestate as to that part of the estate not devised.

The code is imperative as to the motion for a new trial. It must be made at the term in which the verdict or decision is rendered, and within three days after the verdict is rendered except for the cause mentioned in Subsec. 7, Sec. 340, unless unavoidably prevented. There is no pretense that the motion could not have been made, and while the will established may be as far from being the last will and testament of Strickler as the 12 pages rejected, it

must nevertheless stand, the power of this court to reverse being limited by the provision of the code cited.

Judgment *affirmed*.

*W. H. Chelf, Hays & Bush*, for appellants.
*James Montgomery, Wilson & Hobson*, for appellees.

